UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JEREMY OGBURN** | **CASE NO. 24-cv-778** |
| -vs- | **JUDGE DRELL** |
| **WALMART, INC.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### RULING

Before the court is Walmart, Inc's ("Walmart") motion for summary judgment (Doc. 27) in which it seeks dismissal of all claims asserted against it by plaintiff, Jeremy Ogburn ("Ogburn"). Ogburn filed an opposition, and Walmart filed its reply. Accordingly, the matter is ripe for consideration.

For the reasons set forth herein, the motion for summary judgment will be GRANTED.

I.  Relevant Facts

On June 21, 2022, Mr. Ogburn traveled with his wife, Sarah Ogburn, to the Walmart store located in Pineville, Louisiana to purchase mulch. The mulch was located in an area of the parking lot, near the garden section, referred to as the "corral."

The Ogburns chose the mulch they wanted, took a picture of the bag, and went into the store to purchase the mulch. They asked if anyone was able to assist with the loading of the mulch, but no employees were available. Accordingly, Mr. Ogburn backed his truck up to the corral and began loading the bags of mulch. As he made a trip with one bag, he stepped on a piece of wood, rolled his right ankle, and fell. Mr. Ogburn stated he twisted his ankle so severely that he initially believed he had broken it.

He now seeks damages to compensate him for his pain and suffering, mental anguish, physical disfigurement, physical impairment, lost wages and loss of earning capacity, and medical expenses. (Doc. 1-2).

II.   Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011)(internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

III.   Law and Analysis

Ogburn's claims are brought pursuant to the Louisiana Merchant Liability Act, Louisiana Revised Statute §9:2800.6. The relevant portion of the statute provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

La.R.S. 9: 2800.6. Plaintiff bears the burden of proving each of the three elements, and "the failure to prove any of these elements is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

Walmart contends Mr. Ogburn cannot carry his burden of proving the second element: prior to Ogburn's fall, Walmart either created or had either actual or constructive notice of the wood pieces on the pavement. Mr. Ogburn provides no evidence showing that Walmart had actual notice of the piece of wood in the corral. The evidence which he provides includes pictures of the pieces of wood on the pavement, the deposition testimony in which several deponents assert the piece of wood came from a Walmart pallet, and Mr. Ogburn's own statement that the wood was there for some period of time based upon its appearance.

Mrs. Ogburn stated in her deposition that the piece of wood looked like it came from a Walmart pallet. In defense of Walmart's position that this statement is speculation, Mr. Ogburn

3

points to the corroborating statement of Lysondra Leggett, a Walmart manager, who stated the piece of wood was colored the same as a Walmart pallet. Yet, plaintiffs admit there were no pallets in the area and there is no evidence to establish that any Walmart employee broke any pallets. In fact, Mr. Ogburn acknowledged he did not know how the wood came to be on the ground, and Ms. Leggett stated that she could not determine the origin of the piece of wood. Accordingly, there is no evidence to support that Walmart created the condition.

Mr. Ogburn also fails to provide evidence that Walmart had notice of the wood pieces in the corral. Although he argues that Walmart did not clean the area for 48 hours (an assertion Walmart contests in its 30(b)(6) deposition) this type of evidence would go to the reasonableness of Walmart's actions, not to whether it had notice. See Jones v. Brookshire Grocery Co., 847 So.2d 43. 49 (La.App.2d Cir.5/15/03) (citing Hardman v. The Kroger Company, 775 So.2d 1093 (La.App.2d Cir.12/6/00) ("A merchant's duty of care requires reasonable protective measures, including periodic inspections, are undertaken to ensure that the premises are kept free from substances or conditions that might cause a customer to fall."); Ward v. ITT Specialty Risk Services, Inc., 739 So.2d 251 (La.App.2d Cir.6/16/99); Stephens v. Winn Dixie of Louisiana, 644 So.3d 1207 (La.App.1st Cir.11/9/95).

While Mr. Ogburn contends that the appearance of the piece of wood shows that it had been there for some time, its weathered appearance is really evidence that the piece of wood had been broken off of something for some time, not that it had been in the corral for some period of time. "Mere speculation that a dangerous condition could have existed for some time period 'falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden at trial.'" Guidry v. Brookshire Grocery Co., 289 So.3d 1026, 1027 (La.2020) (quoting Babin v. Winn-Dixie Louisiana, Inc., 764 So.3d 37, 40 (La. 2000)). Although a plaintiff may prove

4

constrictive knowledge by providing evidence "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care," La. R.S. 9:2800.6(C)(1), "some positive evidence is required of how long the condition existed prior to the fall." McDowell v. Wal-Mart Stores, Inc., 811 Fed.App'x 881, 884 (5th Cir. 2020); White, 699 So.2d at 1084. Simply demonstrating the existence of the hazard is insufficient." Peterson v. Brookshire Grocery Co., 751 F.App'x. 533, 535 (5th Cir. 2018) (citing White, 699 So.2d at 1084).

As Mr. Ogburn cannot carry his burden of proving that Walmart either created or had actual or constructive notice of the piece of wood in the corral, he us unable to carry his burden of proving that Walmart breached the duty it owed him as a patron pursuant to the Louisiana Merchant Premises Liability Act.

IV. Conclusion

In light of the foregoing, Walmart's motion for summary judgment (Doc. 27) shall be GRANTED.

A judgment in conformity with this finding will issue this date.

SIGNED at Alexandria, Louisiana this 13th day of January 2026.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT